UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: GEORGE JOSEPH PORTER, JR. ET AL.

CIVIL ACTION

NO. 14-933

SECTION "H"(3)

## ORDER AND REASONS

The issue before this Court is whether it can refer this matter back to the bankruptcy court for findings of fact and conclusions of law on the debtors' remaining claims against a non-creditor. This Court holds that it can, and accordingly, the remaining claims in this case are REFERRED to the bankruptcy court to issue findings of fact and conclusions of law. This case is STAYED and ADMINISTRATIVELY CLOSED. Further, the status conference currently set in this matter for December 22, 2014 is CANCELED.

## BACKGROUND

This issue is before this Court on the appeal of a partial final judgment. New Orleans musicians George Porter, Brian Stoltz, and Russell Batiste

performed together in a band called Porter Batiste Stoltz ("PBS").  PBS entered into a management agreement with Highsteppin' Productions, LLC ("HSP").  In 2009, HSP filed suit in federal court in Massachusetts against PBS and its members to recover amounts it believed it was owed under the management agreement (the "Massachusetts Suit").  Each of the individual members of PBS—Porter, Stoltz, and Bastite (collectively the "Debtors")—subsequently filed a Chapter 7 bankruptcy petition in the Eastern District of Louisiana, listing HSP as a creditor.  Due to the pending bankruptcy proceedings, the Massachusetts Suit was removed to the Eastern District of Louisiana and referred to the bankruptcy court pursuant to this Court's local rules.

Debtors eventually answered the Massachusetts Suit and asserted counterclaims against HSP and a claim against Phillip Stepanian—the sole member of HSP—seeking to pierce the corporate veil.  This matter was tried before the bankruptcy court on July 13 through July 22 and September 13 through September 28, 2012. The court issued a partial final judgment on August 16, 2013.  In a 107-page opinion, the bankruptcy court denied HSP's claims for breach of contract in full, granted Debtors' counterclaims for breach of contract, breach of fiduciary duty, negligence, and violations of the Massachusetts Unfair Trade Practices Act ("MUTPA") but denied their copyright infringement claim.  Neither party was awarded damages because the court held that their claims were offsetting.  The opinion did not address Debtors' third-party claim against Stepanian.

In addition, the bankruptcy court specifically reserved for later

2

determination the quantum of attorney's fees recoverable by Debtors under the MUTPA. After a later hearing, the court ordered HSP to pay Debtors' counsel approximately $1.8 million.

HSP and Stepanian (collectively "Appellants") timely appealed these judgments to this Court on February 28, 2014. On March 5, Appellants moved the bankruptcy court to stay execution of the bankruptcy court judgment pending appeal. The bankruptcy court granted the motion in a 44-page opinion on June 24, 2014. In its order, the bankruptcy court acknowledged its failure to decide Debtors' claims against Stepanian, stating that "[a]lthough claims were brought against Stepanian, this Court did not believe it had constitutional authority over Stepanian under the present status of the law, namely, the Supreme Court's holding in *Stern v. Marshall*.[1] "[T]his Court originally concluded that it could not resolve the issues against Stepanian."[2] The court goes on to say, however, that "[t]he recent ruling by the Supreme Court in *Executive Benefits* changes this conclusion."[3]

The Supreme Court decided *Executive Benefits Insurance Agency v. Arkison* on June 9, 2014, several months after the bankruptcy court rendered its decision in this case. The Court held that when a bankruptcy court lacks constitutional authority to enter final judgment on a claim pursuant to *Stern*, it is still permitted to issue proposed findings of fact and conclusions of law to be reviewed de novo by the district court. Accordingly, the bankruptcy court stated

---

[1] *Stern v. Marshall*, 131 S. Ct. 2594, 2611 (2011).

[2] *In re Porter*, 511 B.R. 785, 810 (Bankr. E.D. La. 2014).

[3] *Id.*

that "under *Executive Benefit*'s holding, it appears this Court could be available to the District Court for a trial on the merits of claims against Stepanian."[4]

Immediately following the issuance of the bankruptcy court's stay order, Debtors moved this Court to suspend or extend the appellate briefing schedule and requested a status conference to discuss the effect of *Executive Benefits* on this case. The Court ordered that both parties brief the issue of whether the claim by Debtors against Stepanian can be referred to the bankruptcy court for findings of fact and conclusions of law.

## LAW AND ANALYSIS

The bankruptcy court below, both parties, and this Court agree that Debtors' claim against Stepanian is a *Stern* claim.[5] A *Stern* claim is a claim that is a "core" proceeding under 28 U.S.C. § 157(b) but that cannot constitutionally be adjudicated by the bankruptcy court. In *Stern v. Marshall*, the Supreme Court held that it was unconstitutional for the bankruptcy court to decide the debtor's counterclaim against her creditor because it was a state, common law claim between two private parties, which did not flow from a federal statutory scheme, was not a matter of public right, and would not necessarily be resolved by the bankruptcy claim allowance process.[6] The Fifth Circuit has noted that the dispositive issue under *Stern* in deciding whether a bankruptcy court may

---

[4] *Id.* at 811.

[5] *Id.* at 810 ("[T]he claims brought against Stepanian by Debtors fall squarely within the holding of *Granfincanciera* and *Stern* as they are an atempt to augment the estate through a cause of action against a noncreditor.").

[6] *Stern*, 131 S. Ct. at 2611.

4

enter final judgment on a counterclaim is whether the claim would "necessarily have been resolved in the claims-allowance process."[7] Debtors' state law, veil-piercing claim against a non-creditor would not necessarily have been decided in the claims allowance process and fits squarely within the definition of *Stern*.[8] Accordingly, the bankruptcy court did not have the constitutional authority to enter final judgment on the Debtors' claim against Stepanian.

In *Executive Benefits*, the Supreme Court stated that when, under *Stern*, the bankruptcy court is prohibited from entering a final judgment on a claim, the claim should be treated in accordance with 28 U.S.C. § 157(c)(1), which states that:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.[9]

Accordingly, if a *Stern* claim is "related to a case under title 11," the bankruptcy court is authorized by § 157(c)(1) to hear the claim and issue proposed findings of fact and conclusions of law. Therefore, in order to determine whether it would

---

[7] *In re Frazin*, 732 F.3d 313, 320 (5th Cir. 2013).

[8] *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58 (1989) ("Because petitioners here, like the petitioner in *Schoenthal*, have not filed claims against the estate, respondent's fraudulent conveyance action does not arise 'as part of the process of allowance and disallowance of claims.' Nor is that action integral to the restructuring of debtor-creditor relations.").

[9] 28 U.S.C. § 157 (West 2014).

5

be appropriate to remand Debtors' remaining claim against Stepanian to the bankruptcy court for findings of fact and conclusions of law, this Court must determine whether the claim is "related to" the bankruptcy matter.

A matter is "related to" the bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[10] The Fifth Circuit has indicated that this definition should be interpreted broadly. "[A]n effect is not required to [be] a certainty. Rather, jurisdiction will attach on a finding of any conceivable effect."[11] The Fifth Circuit has stated that even when there is a "possibility that [a] suit may ultimately have no effect on the bankruptcy, [the court] cannot conclude . . . that it will have no *conceivable* effect.[12] Moreover, "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and in any way impacts upon the handling and administration of the bankrupt estate."[13]

Debtors and Appellants disagree over whether Debtors' claims against Stepanian are sufficiently "related to" the underlying bankruptcy matter to fall within the bankruptcy court's "related to" jurisdiction. Appellants argue that because the only judgment against HSP is an award of attorneys' fees and costs

---

[10] *In re TMT Procurement Corp.*, 764 F.3d 512, 523 (5th Cir. 2014); *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

[11] *In re Canion*, 196 F.3d 579, 587 (5th Cir. 1999).

[12] *Matter of Wood*, 825 F.2d at 94.

[13] *Matter of Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (internal quotation marks and alterations omitted).

to Debtors' counsel, a judgment piercing the corporate veil to hold Stepanian liable for that amount will have no effect on the bankruptcy estate. Indeed, the bankruptcy court's order of attorneys' fees awards the amounts directly to Debtors' counsel personally.

Debtors rebut that an amount of the award of attorneys' fees and costs will serve to reimburse Debtors for amounts that they advanced during litigation, which will necessarily inure to the estate. Debtors also argue that they have alleged sufficient facts to impose liability against Stepanian both under a veil-piercing theory and personally under Massachusetts's business tort law regarding the violative conduct of LLC members. Indeed, under Massachusetts law, "there are circumstances in which a member of a limited liability company may be personally liable to third parties for his own actions."[14]

This Court agrees with Debtors' arguments that its claims against Stepanian could conceivably have an effect on the bankruptcy estate. For instance, if HSP is unable to pay the attorneys' fee judgment that the bankruptcy court rendered against it and Debtors are successful in piercing the corporate veil to hold Stepanian personally liable for this amount, Debtors will be able to collect that amount directly from Stepanian. Although much of the attorneys' fee award will benefit Debtors' attorneys and not the estate, some of the award will serve to reimburse Debtors' estates for amounts previously advanced to cover attorneys' fees and costs. Additionally, it is conceivable that Debtors could be successful in holding Stepanian personally liable under

---

[14] 14A MASSACHUSETTS PRACTICE SERIES, SUMMARY OF BASIC LAW § 6.154 (4th ed.).

Massachusetts business tort law, and the award would serve to augment the estate.

It is, of course, possible that Debtors' claim against Stepanian will have no effect on the Debtors' estate, but this Court is not prepared to say that it is not *conceivable* that a successful claim could serve to augment the estate. Accordingly, this Court holds that Debtors' claims against Stepanian fall within the bankruptcy court's "related to" jurisdiction. Therefore, pursuant to *Executive Benefits* and § 157(c)(1), the bankruptcy court is authorized to hear Debtors' remaining claims against Stepanian and issue findings of fact and conclusions of law to be reviewed de novo by this Court.

This Court also notes that referral of this matter to the bankruptcy court would promote efficiency and conserve judicial resources. The bankruptcy court is intimately familiar with the factual and procedural background of this case, having presided over 19 days of trial and decided countless pre- and post-trial motions. Accordingly, the bankruptcy court is in the best position to decide this singular, remaining issue. After receipt of the bankruptcy court's findings of facts and conclusions of law on Debtors' claims against Stepanian, this Court will be able to review the entire case on appeal, rather than reviewing the case piecemeal. "[F]ederal law expresses the policy against piecemeal appeals."[15] Indeeed, "related to" jurisdiction, is intended to "avoid the inefficiencies of piecemeal adjudication and promote judicial economy by aiding in the efficient

---

[15] *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24 (1966); *see* 28 U.S.C. § 1291 (West 2014).

and expeditious resolution of all matters connected to the debtor's estate."[16] Accordingly, this Court elects to refer this matter to the bankruptcy court for findings of fact and conclusions of law.

## CONCLUSION

For the foregoing reasons, this case is REFERRED to the bankruptcy court for findings of fact and conclusions of law on Debtors' remaining claims against non-creditor, Phillip Stepanian. This case is STAYED and ADMINISTRATIVELY CLOSED. Further, the status conference currently set in this matter for December 22, 2014 is CANCELED.

New Orleans, Louisiana, this 19th day of December, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[16] *Matter of Zale Corp.*, 62 F.3d at 752.